**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MUWSA GREEN, | : | CIVIL NO. 1:12-CV-00321 |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Smyser) |
| JOSEPH NISH, *et al.*, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

The plaintiff claims that the defendants violated his rights in connection with the handling of his legal mail.  We recommend that the defendants' motion to dismiss the amended complaint be granted in part and denied in part.  We recommend that all of the claims in the amended complaint be dismissed except the plaintiff's First Amendment claim.

I.   Background and Procedural History.

In February of 2012, the plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, began this case by filing a complaint.  He later filed an amended complaint.

The amended complaint names the following individuals as defendants: 1) Keri Moore, Grievance Officer, Secretary's Office of Inmate Grievances and Appeals; 2) Joseph Nish, former Superintendent at the State Correctional Institution at Waymart; 3) Walter Robbins, Mailroom Supervisor at SCI-Waymart; 4) Steven

Gates, Deputy Superintendent at the State Correctional Institution at Fayette; and 5) Jane/John Doe, Mailroom Supervisor at SCI-Fayette.

The plaintiff alleges in his amended complaint that the defendants violated his federally protected rights. The claims are brought under 42 U.S.C. § 1983. The plaintiff alleges the following facts in his amended complaint.

In 2011, although he was a prisoner at SCI-Fayette, the plaintiff was temporarily housed at SCI-Waymart. He sent a request slip to defendant Gates at SCI-Fayette directing him to hold his legal mail pursuant to the DC-ADM 803 mail policy. Despite that directive, on October 3, 2011, defendant Doe forwarded mail addressed to the plaintiff from the United States District Court for the Western District of Pennsylvania to SCI-Waymart. Then, defendant Robbins, in violation of DC-ADM 803, opened that mail outside of the presence of the plaintiff. Without giving the plaintiff an opportunity to object, defendant Robbins destroyed the Report and Recommendation from a magistrate judge that was inside the envelope. That, according to the plaintiff, also violated DC-ADM 803. Robbins told the plaintiff that the mail had been opened before it arrived at SCI-Waymart. According to the plaintiff, if that is so, defendant Robbins violated the Department of Corrections' Code of Ethics by failing to report that the mail had arrived at the prison opened.

The Department of Corrections' official mailroom policy is to open the plaintiff's marked incoming court mail outside of his presence.  The plaintiff had filed a grievance about that policy in June of 2010.  He had also filed a prior civil action against SCI-Fayette for destroying and tampering with his mail.  That action, which was filed in the United States District Court for the Western District of Pennsylvania, was dismissed in November of 2011.  The plaintiff contends that that action was dismissed because he could not file objections to a Report and Recommendation issued by a magistrate judge because the Report and Recommendation was the document that defendant Robbins destroyed.

The plaintiff filed a grievance at SCI-Waymart about his mail.  That grievance was denied.  The plaintiff appealed the denial of the grievance, but did not receive a response from defendant Nish within ten days as required by policy.  He attempted to appeal to the Secretary's Office of Inmate Grievances and Appeals, but defendant Moore failed to process his appeal.  The plaintiff also filed a grievance at SCI-Fayette, but the Warden failed to answer that grievance.  He then appealed to the Secretary's Office.

The plaintiff claims that the defendants violated his First and Fourteenth Amendment rights.

Currently pending is the defendants' motion to dismiss the amended complaint.

II. Motion to Dismiss Standard.

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted brought pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.*

4

"In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 556 U.S. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 556 U.S. at 678 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* But "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.* The factual detail necessary to satisfy the standard will vary depending on the case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

    A. Official Capacity Claims

The defendants argue that to the extent the plaintiff brings this action against them in their official capacities for money damages, the claims should be dismissed because they are barred by the Eleventh Amendment.

Claims against state officials in their official capacities for damages are treated as suits against the state and are barred by the Eleventh Amendment. See *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

The plaintiff's claims for monetary damages against the defendants in their official capacities are barred by the Eleventh Amendment. Claims against the defendants in their individual capacities for monetary damages are not barred by the Eleventh Amendment.

B. Due Process Claims

Procedural due process generally guarantees that the state will not deprive someone of a protected interest in life, liberty, or property without due process of law. U.S. CONST. amend. XIV.  The plaintiff alleges that defendants Nish and Moore interfered with the grievance process in violation of his Fourteenth Amendment procedural due process rights.  The defendants argue that this claim should be dismissed because a prison grievance process does not confer a liberty interest upon inmates.

"It is well-established that inmates do not have a constitutionally protected right to a prison grievance system." *Mitchell v. Dodrill,* 696 F.Supp.2d 454, 469 (M.D.Pa. 2010)(Rambo, J.).  Thus, a denial of a grievance does not amount to a violation of a prisoner's constitutional rights. *Id.*  Nor does a violation of the grievance procedures deprive a prisoner of a constitutional rights. *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D.Mo. 1986).

The plaintiff's due process claims against the defendants are based upon the grievances and appeals he filed.  Because the plaintiff does not have a liberty interest in the grievance process, we will recommend that the defendants' motion to dismiss the due process claim against defendants Nish and Moore be granted.

7

C. Access-to-Courts Claim

The plaintiff alleges that defendant Robbins deliberately and maliciously interfered with his access to the courts by destroying his legal mail in violation of the DC-ADM 803 policy. He contends that as a result of defendant Robbins' actions his complaint in the United States District Court for the Western District of Pennsylvania was dismissed. The defendants argue that the claim fails because the plaintiff cannot establish that the underlying claim was not frivolous.

In October of 2011, Magistrate Judge Bissoon recommended that the case in the United States District Court for the Western District of Pennsylvania be dismissed. She reasoned in part that the amended complaints filed by the plaintiff raised only claims that postdate the filing of the case and that, therefore, it would have been impossible for the plaintiff to exhaust administrative remedies prior to commencing the case as required by 42 U.S.C. § 1997e(a). See *Green v. Fayette Correctional Facility*, 2:11-CV-00255, doc. 21 (W.D. Pa. Oct. 11, 2011). Judge McVerry adopted the Report and Recommendation on November 2, 2011 and dismissed the plaintiff's case. *Id.* at doc. 23.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir. 2008). "Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already

8

lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414-415 (2002). The right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. Therefore, a plaintiff must allege an actual injury by identifying a nonfrivolous, arguable underlying claim blocked or lost by the alleged denial of access to the courts. *Id.* The underlying cause of action, whether anticipated or lost, is an element of the access claim. *Id.* Like any other element, the underlying cause of action "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. In the prison setting, actual injury is the loss of a nonfrivolous claim that relates to a challenge, direct or collateral, to an inmate's conviction or relates to a challenge to the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351-54 (1996).

The plaintiff argues that his right to access the courts was violated when he lost the right to object to Magistrate Judge Bissoon's Report and Recommendation. (Doc. 26, p. 5). But he has not alleged facts in the amended complaint from which it can reasonably be inferred that the case was not frivolous. And because he sought to raise claims in the amended complaint which postdated the commencement of the suit and which, therefore, could not have been exhausted prior to the commencement of the suit as required by 42 U.S.C. § 1997e(a), he cannot allege any

such facts.  Despite the plaintiff's allegations that he was unable to object to Magistrate Judge Bissoon's Report and Recommendation because of the actions of defendant Robbins, objections to the Report and Recommendation would not have changed the decision of the Court.  Therefore, the plaintiff has not alleged a viable claim that his right of access to the courts was injured.

   D. First Amendment

   The plaintiff alleges that Jane/John Doe, Mailroom Supervisor at SCI-Fayette forwarded his incoming legal mail to defendant Robbins at SCI Waymart.  He further alleges that defendant Robbins opened the mail outside of his presence violating the DC-ADM 803 policy.  Defendant Robbins argues that the First Amendment claim should be dismissed because the plaintiff alleges only one instance where his mail was opened outside of his presence.

   "[A] single instance of damaged or withheld mail does not constitute a First Amendment violation." *Alexander v. Gennarini*, 144 Fed.Appx. 924, 926 (3d Cir. 2005).  But a pattern, practice, or an "explicit policy, of opening legal mail outside the presence of the addressee inmate interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right

10

to freedom of speech." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006).

Although the plaintiff alleges only one instance where Robbins opened legal mail outside of his presence, he alleges that it was the Department of Corrections' official mailroom policy to open his incoming court mail outside of his presence. Construing the amended complaint liberally and in the light most favorable to the plaintiff, as we must when deciding a motion to dismiss, we construe the amended complaint to allege that defendant Robbins opened his legal mail pursuant to an official policy.  Thus, the amended complaint states a First Amendment claim upon which relief may be granted.

IV.  Recommendations.

Based on the foregoing, it is recommended that the defendants' motion (doc. 22) to dismiss the amended complaint be granted in part and denied in part.  It is recommended that the claims against the defendants for damages in their official capacities be dismissed.  It is also recommended that the due process and access-to-the-courts claims be dismissed.  It is recommended that the First Amendment claim not be dismissed.

Finally, it is recommended that the case be remanded to a magistrate judge for further proceedings.

                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  August 27, 2012.