# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUWSA GREEN, | : | |
| | : | |
| Plaintiff | : | Civil No. 1:12-CV-0321 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| JOSEPH NISH, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

## I.  Introduction

The background of this matter, which comes before us for consideration of two motions to supplement or amend the Plaintiff's complaint, can be simply stated:

On February 17, 2012, the Plaintiff, Muwsa Green, a *pro se* inmate incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette"), filed a civil rights action pursuant to 42 U.S.C. § 1983 against a number of officials with the Pennsylvania Department of Corrections, including: Keri Moore, a grievance officer at the Secretary's Office of Inmate Grievances and Appeals; former SCI-Waymart Superintendent Joseph Nish, SCI-Waymart Mailroom Supervisor Walter Robbins; and SCI-Fayette Deputy Superintendent Steven Gates (who Green initially identified incorrectly as Nicholson Gates).

What then followed was a pattern of attempts by Green to amend his pleadings, a pattern which suggest that Green views all of the events which occur while he is in custody as part of a singular, seamless web. Thus, on March 29, 2012, Plaintiff initially amended the complaint, alleging claims arising out of incidents that allegedly occurred at SCI-Waymart in September 2011, during a time while Green was briefly housed at that facility. Plaintiff attempted to state claims for violations of his due process rights, interference with his right of access to the courts, and First Amendment retaliation based upon an incident when SCI-Waymart Mailroom Supervisor Walter Robbins allegedly opened Green's legal mail out of Green's presence. (Doc. 15.)

Defendants moved to dismiss the complaint on May 4, 2012. (Doc. 22.) On August 27, 2012, Magistrate Judge Smyser[1] issued a report and recommendation in which he recommended that all claims be dismissed with the exception of Plaintiff's claim against Walter Robbins for alleged First Amendment retaliation. (Doc. 39.) On September 13, 2012, the District Court adopted the report and recommendation and entered an order dismissing all claims with the exception the claim for First Amendment retaliation. (Doc. 45.) Thus, all that properly remains of this case is a single defendant, Defendant Robbins, the SCI Waymart mailroom supervisor, and a

---

[1]This case was reassigned to the undersigned upon the retirement of Magistrate Judge Smyser.

specific First Amendment retaliation claim regarding the alleged unauthorized opening of Green's mail in the Fall of 2011.

Over the past month, however, the Plaintiff has engaged in persistent efforts to expand and conflate these allegations through the filing of three separate proposed amended or supplemental complaints. These efforts began on September 14, 2012, when the Plaintiff filed a motion seeking leave to file a supplemental complaint to include additional allegations of abusive or retaliatory conduct alleged to have occurred at SCI-Fayette in 2012 after this lawsuit was filed. Green claimed that the alleged misconduct, which appeared to involve prison officials threatening him, tampering with his food, interfering with his mail, and delaying or denying his access to medical treatment, was committed in retaliation for his having brought this lawsuit.

Upon consideration of Green's first motion, we found that it did not satisfy the requirements of Rule 15(d) of the Federal Rules of Civil Procedure governing supplemental complaints since the proposed supplemental complaint was virtually devoid of allegations that demonstrate any plausible connection between the claims brought in this case, and the claims that Green proposed to supplement. Furthermore, it was evident from the face of the proposed supplemental complaint attached to Green's motion that all of the actionable conduct was alleged to have occurred at SCI-Fayette, which is located in the Western District of Pennsylvania, and took place

3

months after the events alleged in this district. Concluding that, to the extent Green believed he has actionable claims for conduct he alleged occurred throughout 2012 at SCI-Fayette, he should pursue relief for these claims in the Western District of Pennsylvania, we denied this request to supplement his complaint without prejudice to Green pursuing these claims in the United States District Court for the Western District of Pennsylvania, where venue clearly lies.

Undeterred, Green has now filed two additional requests to amend or supplement his pleadings to add various claims and parties arising out of events at SCI Fayette, in the Western District of Pennsylvania. (Docs. 53 and 56.) In these proposed supplemental and amended pleadings, Green identified a mailroom supervisor at SCI- Fayette, whose only alleged involvement in this matter is that she forwarded Green's mail to SCI-Waymart when he was housed at that facility. (Doc. 53.) It is entirely unclear from this proposed amended complaint how the act of delivering this mail to its intended recipient violated Green's constitutional rights.

Along with this pedestrian claim, Green has filed a separate motion to supplement his complaint which levels more explosive, and far less substantiated, charges. (Doc. 56.) Specifically, Green now alleges that the superintendent at SCI Fayette, along with numerous correctional and medical staff, entered into a "clandestine conspiracy" to murder the Plaintiff, allegedly in order to prevent Green

4

from exposing that fact that his mail was allegedly mishandled by prison officials at SCI-Waymart. (Id.)

The Defendants have filed a response in opposition to these motions, which argues that the addition of these disparate, speculative claims to the instant lawsuit is inappropriate under Rule 15. For the reasons set forth below, we agree, and recommend that Green's motions to file further amended and supplemental complaints be denied.[2]

## II. Discussion

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings. Fed. R. Civ. P. 15. Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A) and (B). "In all other cases, a party

---

[2] While we disposed of Green's initial motion to amend by memorandum order, upon reflection, we believe that the better course is to treat Green's subsequent requests to amend as matters which should be the subject of a report and recommendation. See, e.g., Mueller Co. v. U.S. Pipe & Foundry Co., 351 F. Supp. 2d 1 (D.N.H. 2005)(A magistrate judge's denial of a motion to amend on futility grounds is subject to de novo review); HCC, Inc. v. R H & M Mach. Co., 39 F. Supp. 2d 317 (S.D.N.Y. 1999)(Denial of leave to amend is a case-dispositive decision at least in situations where the denial is premised on futility.)

5

may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires." Fed. R. Civ. P. 15(a)(2). Consistent with this policy, leave to amend rests in the discretion of the court and may, when justice so requires, be denied if the court finds "undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).

Rule 15(d), in turn, governs the submission of supplemental pleadings. That Rule provides that upon the motion of a party, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A supplemental complaint thus "refers to events that occurred after the original pleading was filed" whereas an amendment to a complaint "covers matters that occurred before the filing of the original pleading but were overlooked at the time." Owens-Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188-89 (3d Cir. 1979); see also Moore's Federal Practice 3d § 15.30 ("Rule 15(d) applies only to events that have occurred since the date of the filing of the pleading."). Thus, the purpose of the Rule "is to promote as complete an adjudication of the dispute between

the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." Carl Zeiss Meditec v. Xoft, Inc., C.A. No. 10-308-LPS/MPT, 2011 U.S. Dist. LEXIS 36785, * 4 (D. Del. April 5, 2011) (citation omitted).

"The standard under Rule 15(d) is 'essentially the same' as that under Rule 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice." Micron Tech. v. Rambus, Inc., 409 F. Supp. 2d 552, 558 (D. Del. 2006) (citing Medeva Pharma Ltd. v. Am. Home Prods. Corp., 201 F.R.D. 103, 104 n.3 (D. Del. 2001)). Application of Rule 15(d) in a given case is committed to the Court's broad discretion. Intel Corp. v. Amberwave Sys. Corp., 233 F.R.D. 416, 418 (D. Del. 2005).

"The decision of whether to permit a supplemental pleading is within this Court's discretion. See Owens–Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188–89 (3d Cir.1979); see also Burns v. Exxon Corp., 158 F.3d 336, 344 (5th Cir.1998) (holding that district court did not abuse its discretion in denying leave to file supplemental complaint.)" Hassoun v. Cimmino 126 F.Supp.2d 353, 360-61 (D.N.J.2000). Therefore, decisions regarding motions to amend or supplement pleadings rest in the sound discretion of the district court and will not be disturbed absent a abuse of that discretion. See e.g., Bjorgung v. Whitetail Resort, LP, 550 F.3d

263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001).

That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15 of the Federal Rules of Civil Procedure. In this regard, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion to deny a motion to amend, Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001), and may deny a request:

> if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party. Adams, 739 F.2d at 864. Delay becomes "undue," and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. Cureton, 252 F.3d at 273 (citing Adams, 739 F.2d at 868; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993)). Thus, our review of the question of undue delay . . . will "focus on the movant's reasons for not amending sooner," Cureton, 252 F.3d at 273, and we will balance these reasons against the burden of delay on the District Court. Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir.1988).

Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266.

Furthermore, "'[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) ('Burlington'); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993). 'Futility'

8

means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Burlington, 114 F.3d at 1434." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Moreover, a party seeking to supplement pleadings must act in a diligent fashion. Thus, for example, "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them. Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir.1998)." Krantz v. Prudential Investments Fund Management LLC, 305 F.3d 140, 144 (3d Cir. 2002).

Finally, in every instance, the exercise of this discretion must be guided by the animating principle behind Rule 15(d), which is "to make pleadings a means to achieve an orderly and fair administration of justice." Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964). Therefore, in considering a motion to amend we must always "appl[y] Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action-'[t]he standard applicable to motions to amend under [Rule 15(d) ] is essentially the same standard that applies to [Rule 15(a) ].' " Masimo Corp. v. Philips Elec. N. Am. Corp., 2010 WL 1609899, at *1 (D.Del. Apr.20, 2010) (quoting Medeva Pharma Ltd. v. Am. Home Prods. Corp., 201 F.R.D. 103, 104 n. 3 (D.Del.2001))." CMR D.N. Corp. v. City Of

Philadelphia, No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March 11,2011)(Stengel, J.).

In this case, it is submitted that the proper exercise of the court's discretion, Hassoun v. Cimmino, 126 F.Supp.2d 353, 360-61 (D.N.J.2000), calls for denial of these various motions to file amended or supplemental complaints. Indeed, a dispassionate assessment of this motion reveals that it runs afoul of many of the factors which guide the exercise of judicial discretion in this field.

At the outset, it is plain that these proposed amendments would yield undue delay in the resolution of the merits of these claims. As we have noted, "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court." Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266. Judged against this standard, Green's efforts to add disparate and speculative claims to his lawsuit relating far-flung murder plots at other prisons in other districts simply does not satisfy the principle which animates Rule 15, which "is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." Carl Zeiss Meditec v. Xoft, Inc., C.A. No. 10-308-LPS/MPT, 2011 U.S. Dist. LEXIS 36785, * 4 (D. Del. April 5, 2011) (citation omitted). Instead, it would merely allow Green to layer new, speculative and unrelated claims against new

defendants onto this lawsuit, based solely upon Green's subjective sense that everything that happens to him must in some way be connected. Thus, we find that Green's motion fails to satisfy even the liberal standards imposed by Rule 15(d).

Furthermore, Green's unrelated allegations of misconduct are all claimed to have occurred at SCI-Fayette, which is situated in La Belle, Pennsylvania, in Fayette County, southeast of Pittsburgh. Fayette County is located in the Western District of Pennsylvania. See 28 U.S.C. 118(c). In civil rights actions where alleged violations of the United States Constitution at SCI-Fayette form the basis for the Court's jurisdiction, 28 U.S.C. § 1391(b) defines the proper venue as to these specific allegations, and provides that any action challenging alleged misconduct at SCI-Fayette should:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, with respect to the events described in his Green's latest proposed supplemental complaint, it is apparent that more than "a substantial part of the events or omissions giving rise to the claim occurred" at SCI-Fayette, in the Western District

of Pennsylvania; rather, all of the alleged events are claimed to have occurred in that district. Moreover, with respect to these claims arising out of events at SCI-Fayette it appears that each of the individuals named in the proposed supplemental complaint either reside in, or may be found in the venue of the United States District Court for the Western District of Pennsylvania. See 28 U.S.C. § 118(c). Indeed, Plaintiff himself is located in the Western District of Pennsylvania as an inmate housed at SCI-Fayette.

Therefore, it is evident from the face of Plaintiff's proposed supplemental complaint that these matters at SCI-Fayette should not properly be joined with the single remaining allegation in this action, based simply upon Green's subjective and speculative assertion that there exists a murder plot which is part of a global, yet wholly "clandestine conspiracy." Since venue over these alleged matters lies in the United States District Court for the Western District of Pennsylvania, to the extent Plaintiff believes he has a valid civil rights action against the individuals he identifies in his proposed supplemental complaint, he should pursue relief through a complaint brought in the United States District Court for the Western District of Pennsylvania.

Furthermore, to the extent that Green seeks to add a defendant to this case, the SCI Fayette mailroom supervisor, based solely upon an allegation that the supervisor forwarded Green's mail to him at SCI Waymart in the Fall of 2011, (Doc. 53.), the

proposed amendment runs afoul of Rule 15's prohibition against futile amendment of pleadings. In this context, " 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Burlington, 114 F.3d at 1434." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Here, we conclude that this particular proposed amended complaint simply accuses a prison mailroom official of forwarding mail to an inmate, conduct that does not constitute even a colorable civil rights claim. Therefore, this specific proposed amendment would be entirely futile, and Green's motion for leave to add this futile claim to his lawsuit should be denied.

Finally, we note that granting leave to file amended or supplemental pleadings on these facts would be antithetical to the guiding principle which animates and informs the exercise of our discretion, which is "to make pleadings a means to achieve an orderly and fair administration of justice." Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964). In fact, we find that granting this motion would be unfair to all parties. It would be unfair to the Defendants who would now face new, belated, disparate, speculative, and in some instances futile claims, many of which fall outside the venue of this court. These amendments would also needlessly compound costs and burdens of this particular litigation for all parties, since it would inappropriately broaden claims, weave together seemingly unrelated events, necessitate additional motions practice and litigation in pursuit of what appear to be

13

either fruitless claims or allegations of conduct which fall outside the venue of this court, and connect this disparate allegations to events in this district solely on the basis of speculative claims of clandestine conspiracies. Since we must always "appl[y] Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action," CMR D.N. Corp. v. City Of Philadelphia, No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March 11,2011)(Stengel, J.), our conclusion that granting this motion would be unjust, cause undue delay, and needlessly increase the costs of litigation, also calls call for the denial of this motion.

### III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's motion for leave to file amended and supplemental complaints (Docs. 53 and 56.) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of October 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge