# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUWSA GREEN, | : | CIVIL NO. 1:12-CV-00321 |
| Plaintiff, | : | (Judge Conner) |
| v. | : | |
| JOSEPH NISH, *et. al*, | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Before the Court is a motion for summary judgment filed by the sole remaining defendant, Walter Robbins ("Robbins"). For the reasons set forth herein, it is recommended that Robbins' motion be denied.

## I.  Background.

**A. Procedural History.**

On February 17, 2012, the plaintiff, Muwsa Green ("Green"), an inmate imprisoned at the State Correctional Institution in Fayette, Pennsylvania ("SCI Fayette"), initiated this action by filing a complaint under 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*. *Docs.* 1 & 4. Thereafter, the Court screened Green's complaint under 28 U.S.C. § 1915A, granted his motion to proceed *in forma pauperis*, and dismissed the complaint for failure to state a claim. *See Doc.* 14 at 14. Nevertheless, Green was given leave to amend. *Id.*

On March 29, 2012, Green filed a timely amended complaint. *Doc.* 15. In the amended complaint, Green named the following five defendants: (1) Joseph Nish ("Nish"), the former Superintendent at the State Correctional Institution in Waymart, Pennsylvania ("SCI Waymart"); (2) Walter Robbins ("Robbins"), a mailroom supervisor at SCI Waymart; (3) "John Doe," a mail room supervisor at SCI Fayette; and (4) Keri Moore ("Moore"), a grievance officer at the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"); and (5) Steven Gates ("Gates"), the Deputy Superintendent at SCI Fayette. *Doc.* 15 at 2. Generally, Green raised a procedural due process claim, a denial of access to the courts claim, and a First Amendment claim for interference with his mail. *See id.* at 6-8. But, after being served with the complaint, the defendants moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Doc.* 22.

Once the dismissal motion was ripe for disposition, it was granted in part and denied in part. *Doc.* 45. Specifically, the Court dismissed all of Green's claims with the exception of his First Amendment claim against Robbins for interfering with his legal mail. *Id.* at 2.

Subsequently, on December 6, 2012, Robbins filed a motion for summary judgment, a brief in support, a statement of material facts, and other documents.[1]

---

[1] Though it has no bearing on the motion pending review, we note that Robbins had previously filed a motion for summary judgment and all of the same

2

*Docs.* 79, 80, 81, & 82. On December 17, 2012, Green filed a timely brief in opposition and his own sworn declaration. *Docs.* 86 & 87. After Green filed his brief in opposition, Robbins filed a timely reply brief. *Doc.* 88. Thereafter, Green filed a sur-reply.[2] *Doc.* 90. The motion, having been fully briefed and argued by the parties, is ripe for disposition on the merits.

### B. Facts.[3]

In Pennsylvania, inmate grievances are governed by DC-ADM 804, "Inmate Grievance System." *See Doc.* 81 at ¶ 12.[4] Under the system, a multi-step appeal process was established to ensure that inmates have an avenue through which to

---

corresponding documents, but those items contained the incorrect date. As a result, Robbins re-filed his motion. *See Doc.* 85.

[2] Green filed a sur-reply brief without seeking leave of Court. We will nevertheless consider it in light of the fact that he is *pro se*, coupled with the fact that Robbins never moved to strike it from the record.

[3] Normally, when a non-moving party fails to file a counterstatement of material facts as outlined in Local Rule 56.1, the Court considers a movant's statement of material facts to be uncontested. *See* M.D. Pa. L.R. 56.1; *Miller v. Ashcroft*, 76 F. App'x 457, 460 (3d Cir. 2003) (treating facts as uncontested due to plaintiff's failure to file a timely counter-statement of material facts). In this case, however, we will apply the regular standard of review for summary judgment, *infra*, and liberally construe Green's responses as answers /counterstatements to Robbins' statement of facts, based on the evidence Green relies upon.

[4] Pennsylvania's Inmate Grievance System can be found online at http://www.portal.state.pa.us/portal/server.pt/document/919465/804_inmate_grievances_pdf (last visited August 4, 2013); *see also* 37 Pa. Code § 93.9(a).

resolve issues relating to their imprisonment. *Id.* Further, the inmates are provided with notice of these grievance procedures and requirements. *Id.* at ¶ 16.

In accord with the multi-step appeal process, inmates must first file grievances with the Facility Grievance Coordinator, at the facility where the events giving rise to a complaint occurred. *Id.* at ¶ 13. Second, if the inmate is dissatisfied with the initial review of his grievance, he may file an appeal to the Facility Manager, who is normally the Superintendent. *Id.* at ¶ 14. This appeal must be filed within 15 working days from the date of the initial review response. In turn, DC-ADM 804, Section 2(A)(2)(d) requires the Facility Manager / Superintendent to notify the inmate of a decision within 15 working days of receiving the appeal. Third, upon receiving a decision from the Facility Manager / Superintendent, the inmate may appeal that decision to a final review by SOIGA. *Doc.* 81 at ¶ 15. Moreover, as stated in Section 2(B)(1)(d) of DC-ADM 804:

> An appeal to Final Review [by SOIGA] will not be permitted until the inmate has complied with all procedures established for Initial Review … and for appeal to the Facility Manager….

In addition, Section 1(A)(16) provides that "[a]ny grievance issue presented for review that has been previously addressed will not be addressed in a subsequent grievance review."

In Green's case, on October 19, 2011, while he was housed at SCI Waymart, he filed an inmate grievance alleging that Robbins opened his legal mail outside of

4

his presence. *Id.* at ¶ 17. The Facility Grievance Officer then spoke with Robbins about Green's allegations and ultimately concluded that there was no evidence that Robbins, or anyone in the mailroom, opened Green's legal mail outside of his presence and that it was already opened before arriving to SCI Waymart. *Id.* at ¶ 18. Subsequently, Robbins claims that Green did not file an appeal to Nish, the Superintendent at SCI Waymart. *See Id.* at ¶ 19. Instead, Robbins claims that Green filed a second grievance raising the same issue. *Id.* at ¶ 21. Moreover, according to Robbins, the second grievance was denied because it had already been addressed, and Green did not appeal that decision to the Facility Manager / Superintendent. *Id.*

A couple of months later, however, Green filed an appeal to SOIGA alleging that it should conduct a final review, because he filed an appeal to Nish, who did not respond. *See Doc.* 88-1 at 4-5. But, SOIGA had no record that Green ever filed an initial appeal with Nish, and it directed Green to file such an appeal before seeking final review. *Id.* at 3. SOIGA indicated, though, that its response "[did] not grant [Green] a right to an appeal if it would otherwise have been untimely to pursue that appeal to [Nish]." *Id.*

In contrast, Green adamantly declares that he did timely appeal to Nish, but Nish failed to respond. *Doc.* 87; *see also Doc.* 90 at 13. Further, Green declares that he wrote to Nish after he was transferred back to SCI Fayette, inquiring about

5

his appeal. *Doc.* 87. Almost two months later, when Green had not received a response, he claims that he sought final review from SOIGA, instead. *Id.*

## II. **Summary Judgment Standard.**

Robbins moves for judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine dispute as to any material fact," Fed.R.Civ.P. 56(a), and for which a trial would be "an empty and unnecessary formality." *Univac Dental Co. v. Dentsply Int'l, Inc.,* No. 07–0493, 2010 U.S. Dist. LEXIS 31615, at *4, 2009 WL 6315330 (M.D.Pa. Mar. 31, 2010). The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. *Id.* at 248–49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. *Conoshenti v. Pub.*

6

*Serv. Elec. & Gas Co.,* 364 F.3d 135, 145–46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group. Ltd. v. Colkitt,* 455 F.3d 195, 201 (3d Cir. 2006); *accord Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex,* 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. *Anderson,* 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. *Id.* at 252; *see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In making this determination, the court must "consider all evidence in the light most favorable to the party opposing the motion." *A.W. v. Jersey City Pub. Schs.,* 486 F.3d 791, 794 (3d Cir. 2007).

Moreover, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such

7

factual disputes exist. Further, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." *Countryside Oil Co., Inc. v. Travelers Ins. Co.,* 928 F.Supp. 474, 482 (D.N.J. 1995). This rule applies with particular force to parties who attempt to rely upon hearsay statements to establish material issues of fact, which would preclude summary judgment. With respect to such claims, it is well-settled that: "In this circuit, hearsay statements can be considered on a motion for summary judgment [only] if they are capable of admission at trial." *Shelton v. University of Medicine & Dentistry of N.J.,* 223 F.3d 220, 223, n. 2 (3d Cir. 2000), citing *Stelwagon Mfg. v. Tarmac Roofing Sys., Inc.,* 63 F.3d 1267, 1275, n. 17 (3d Cir. 1995). In this regard it has been aptly observed that:

> It is clear that when considering a motion for summary judgment, a court may only consider evidence which is admissible at trial, and that a party can not rely on hearsay evidence when opposing a motion for summary judgment. *See Buttice v. G.D. Searle & Co.,* 938 F.Supp. 561 (E.D.Mo. 1996). Additionally, a party must respond to a hearsay objection by demonstrating that the material would be admissible at trial under an exception to hearsay rule, or that the material is not hearsay. *See Burgess v. Allstate Ins. Co.,* 334 F.Supp.2d 1351 (N.D.Ga. 2003). The mere possibility that a hearsay statement will be admissible at trial, does not permit its consideration at the summary judgment stage. *Henry v. Colonial Baking Co. of Dothan,* 952 F.Supp. 744 (M.D.Ala. 1996).

*Bouriez v. Carnegie Mellon Univ.,* No. 02–2104, 2005 WL 2106582,* 9 (W.D.Pa. Aug.26, 2005). Thus, a party may not rely upon inadmissible hearsay assertions to

8

avoid summary judgment. Therefore, where a party simply presents inadmissible hearsay declarations in an attempt to establish a disputed material issue of fact, courts have typically rebuffed these efforts and held instead that summary judgment is appropriate. *See, e.g., Synthes v. Globus Medical, Inc.,* No. 04–1235, 2007 WL 2043184 (E.D.Pa. July 12, 2007); *Bouriez v. Carnegie Mellon Univ.,* No. 02–2104, 2005 WL 2106582,* 9 (W.D.Pa. Aug.26, 2005); *Carpet Group Int'l v. Oriental Rug Importers Assoc., Inc.,* 256 F.Supp.2d 249 (D.N.J. 2003). Similarly, it is well-settled that: "[o]ne cannot create an issue of fact merely by ... denying averments ... without producing any supporting evidence of the denials." *Thimons v. PNC Bank, NA,* 254 F.App'x 896, 899 (3d Cir. 2007) (citation omitted). Thus, "[w]hen a motion for summary judgment is made and supported ..., an adverse party may not rest upon mere allegations or denial." *Fireman's Ins. Co. Of Newark NJ v. DuFresne,* 676 F.2d 965, 968 (3d Cir. 1982), *see Sunshine Books, Ltd. v. Temple University,* 697 F.2d 90, 96 (3d Cir. 1982). "[A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not sufficient." *Lockhart v. Hoenstine,* 411 F.2d 455, 458 (3d Cir. 1969). Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." *Gans v. Mundy,* 762 F.2d 338, 341 (3d Cir. 1985) (citing *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir. 1981)).

## III. Discussion.

Robbins seeks summary judgment based on Green's purported failure to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). We disagree and find that there is a genuine dispute of material fact allowing Green's case to proceed.

Under the PLRA, a prisoner must present his claim(s) through an administrative grievance process before seeking redress in federal court. The PLRA specifically provides as follows:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law by a prisoner confined in any jail prison, or other correctional facility, until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because an inmate's failure to exhaust under the PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Rather, a prisoner's failure to exhaust administrative remedies must be pled and proved by the defendant(s). *Ray v. Kertes,* 285 F.3d 287, 295 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner,* 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo,* 548 U.S. 81, 84, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones,* 549 U.S. at 204. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis,* 372 F.3d 218, 227–32 (3d Cir. 2004) ("[P]rison grievance procedures supply the yardstick for measuring procedural default."). Additionally, "it is beyond the power ... of any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir. 2000) (quoting *Beeson v. Fishkill Corr. Facility,* 28 F.Supp.2d 884, 894–95 (S.D.N.Y. 1998) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). In fact, the PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis,* 204 F.3d at 71.

Here, under DC-ADM 804, Green was required to file an appeal to, and await a decision from, Nish before seeking final review from SOIGA. It is undisputed, however, that Green sought final review from SOIGA before Nish ever gave any response. And, for that reason, SOIGA denied his request. Further, Robbins argues and cites to evidence indicating that there is no record of Green ever appealing to Nish. *Doc.* 81 at ¶ 19; *Doc.* 88-1 at 3.

Green, though, has produced a copy of what appears to be his appeal to Nish, filed on October 27, 2011 (*Doc.* 90 at 13); three days after he was notified by the Grievance Officer that his grievance was denied.[5] In addition to referring to this item, Green has provided his own declaration wherein he declares that he timely filed an appeal to Nish. *Doc.* 87.

While we make no credibility determinations on summary judgment, we believe that Green has met his burden, permitting his case to proceed, as a reasonable juror could find that he did everything that he was required to do under DC-ADM 804 (i.e. "substantially complied"), yet received no final determination. *See Boyd v. Department of Corrections*, 32 F.App'x 16 (3d Cir. 2002). In fact, rather than sitting on his grievance, the evidence provided by Green reflects that he actively continued pursuit of his claim by seeking relief from SOIGA,

---

[5] *See also* DC-ADM 804, Sections 2(A)(1)(d), (e) (discussing the requirements for an inmate filing an appeal to the Facility Manager / Superintendent).

approximately two months after he declares that Nish failed to respond. Additionally, DC-ADM 804 does not appear to provide a remedy for a situation such as this, where it is argued that a timely appeal was made, but there is no record of the appeal. As a result, Robbins' summary judgment motion should be denied.[6]

IV. **Recommendation.**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that:

(1) Robbins' motion for summary judgment (*Doc*. 79) be **DENIED**; and

(2) Robbins' "Motion for Leave to File Additional Summary Judgment Motions" (*Doc*. 83) be **GRANTED**.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

---

[6] We do not imply that Robbins or any of the defendants intentionally interfered with Green's grievance. There is no evidence to support such a finding.

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **6th** day of **August, 2013**.

                                          *S/ Susan E. Schwab*
                                          **Susan E. Schwab**
                                          **United States Magistrate Judge**