# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUWSA GREEN, | : | CIVIL NO. 1:12-CV-00321 |
| Plaintiff, | : | (Chief Judge Conner) |
| v. | : | |
| JOSEPH NISH, *et. al*, | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

In this prisoner civil rights action proceeding *via* an amended complaint, the sole remaining defendant, Walter Robbins ("Robbins"), has filed a summary judgment motion, arguing that no rational trier of fact could find that he opened plaintiff Muwsa Green's ("Green") incoming legal mail in violation of the First Amendment to the United States Constitution. For the reasons set forth herein, I agree with Robbins and recommended that his motion be granted.

**I.   Background and Procedural History.**

On February 17, 2012, Green, an inmate currently imprisoned at SCI Fayette, initiated this action by filing a complaint under 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*. Docs. 1 & 4. Upon screening his complaint pursuant to 28 U.S.C. § 1915(e), Magistrate Judge Smyser granted Green's motion to proceed *in forma pauperis*, but dismissed the complaint for

failure to state a claim. *Doc.* 14. Further, Judge Smyser granted Green leave to amend. *Id.*

On March 29, 2012, Green filed a timely amended complaint. *Doc.* 15. In the amended complaint, Green named the following five defendants: (1) Joseph Nish ("Nish"), the former Superintendent at SCI Waymart; (2) Robbins, a mailroom supervisor at SCI Waymart; (3) "John [or Jane] Doe," a mail room supervisor at SCI Fayette; and (4) Keri Moore ("Moore"), a grievance officer at the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"); and (5) Steven Gates ("Gates"), the Deputy Superintendent for Facilities Management at SCI Fayette. *Doc.* 15 at 2.

Generally, Green alleges that in 2011 he was temporarily housed at SCI Waymart. While there, Green claims that he sent a request slip to Gates requesting him to hold Green's legal mail pursuant to the Pennsylvania Department of Corrections ("DOC") mail policy, DC-ADM 803. According to Green, however, on October 3, 2011, the Jane or John Doe defendant(s) allegedly forwarded Green's legal mail to him at SCI Waymart. Green claims that Robbins deliberately and maliciously opened the forwarded "properly identified legal mail" outside of his presence, in violation of DC-ADM 803. Robbins, though, purportedly told Green that the legal mail was already open when it arrived. Moreover, Green

asserts that the DOC's official mailroom practice is to open inmates' legal mail outside of their presence.

Following this alleged incident, Green claims that he filed a grievance at SCI Waymart; however, the grievance was denied. Green further claims that he appealed the denial of his grievance, but that both Nish and Moore failed to respond. Similarly, Green asserts that he filed a grievance about his mail at his home institution, SCI Fayette, to which he did not receive an answer or response. Thus, in general, Green claims that the defendants violated his First and Fourteenth Amendment rights. After being served with the complaint, the defendants moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Doc.* 22.

Once the defendants' motion to dismiss was ripe for disposition, it was granted in part and denied in part. *Doc.* 45. Specifically, the Court, in adopting Judge Smyser's Report and Recommendation (*Doc.* 39), dismissed all of Green's claims except for the First Amendment claim for interference with his incoming legal mail.[1] *Id.* at 2. In pertinent part, Judge Smyser stated the following about Green's First Amendment claim against Robbins:

---

[1] In his brief in opposition to the summary judgment motion under review, it appears that Green is also pursuing a claim against Darlene Linderman ("Linderman"). *See Doc.* 110 at 2. Green, however, never identified Linderman as a potential defendant until he filed unexecuted waivers of service on March 6, 2013. *Doc.* 94. Since then, Linderman has never been served with summons or a copy of the amended complaint. Furthermore, even at the time that he filed the unexecuted waivers of service, the discovery period had long since expired. Thus,

> Although the plaintiff alleges only one instance where Robbins opened legal mail outside of his presence, he alleges that it was the Department of Corrections' official mailroom policy to open his incoming court mail outside of his presence. Construing the amended complaint liberally and in the light most favorable to the plaintiff, as we must when deciding a motion to dismiss, we construe the amended complaint to allege that defendant Robbins opened his legal mail pursuant to an official policy. Thus, the amended complaint states a First Amendment claim upon which relief may be granted.

*Doc.* 39 at 11.

Thereafter, on September 20, 2012, Robbins answered Green's amended complaint, *Doc.* 50, and the parties engaged in discovery. Pursuant to the established case management deadlines, discovery closed on October 31, 2012. *See Doc.* 59.

After discovery closed, Robbins filed his first summary judgment motion, which solely addressed whether Green exhausted his administrative remedies. *Doc.* 79. When the motion became ripe for review, I recommended that it be denied, *Doc.* 102, and the Court agreed, *Doc.* 105. Nevertheless, Robbins' alternative request for leave to file a second motion for summary judgment was granted. *Id.*

On September 19, 2013, Robbins filed his second motion for summary judgment along with a supporting brief, a statement of facts, and exhibits. *Docs.*

---

at this point in the litigation, to permit Green to proceed on any claim against Linderman would be unduly prejudicial.

106, 107, & 108. I then ordered Green to file a brief in opposition along with a counterstatement of facts (or answer) citing to record evidence. *Doc.* 109. On September 27, 2013, Green filed a timely brief in opposition, *Doc.* 110, but he did not file a properly enumerated counterstatement of facts. Instead, Green filed a sworn declaration, declaring that the statements contained in his grievances were true and accurate. *Doc.* 111 at 1. Furthermore, Green filed an unsworn declaration from a fellow inmate, who declares that his legal mail was also opened outside of his presence at SCI Waymart. *Id.* at 11. The inmate's declaration, however, makes no reference to Robbins. *Id.*

 Following Green's submissions, Robbins did not file a reply brief and his time for doing so has lapsed. Given that the briefing period has closed, the motion is ripe for disposition on the merits.

## II. Facts.[2]

In 2011, while Green was temporarily housed at SCI Waymart, the DOC had an official policy in place, DC-ADM 803, which governed the handling and processing of inmate mail.[3] Pursuant to DC-ADM 803, Section 2.B.1: "Incoming privileged correspondence that is hand-delivered to the [DOC] … or which is

---

[2] Normally, when deciding a motion for summary judgment, the Court relies on the facts enumerated in the parties' respective statement of material facts and counter-statement of material facts, and cite to the record when those facts are genuinely disputed. However, in the instant case, Green has failed to provide a counter-statement of material facts as ordered by me (*Doc.* 109) and required by Local Rule 56.1. Under these circumstances, Local Rule 56.1 permits the Court to deem the proponent's statement of material facts undisputed, even when the opposing litigant is *pro se*. *Kuhn v. Capitol Pavilion*, No. 1:11–CV–2017, 2012 U.S. Dist. LEXIS 150731, *26–27, 2012 WL 5197551 (M.D. Pa. Oct. 19, 2012); *Sanders v. Beard*, No. 09–CV–1384, 2010 U.S. Dist. LEXIS 72657, *15, 2010 WL 2853113 (M.D. Pa. July 20, 2010); *Thomas v. Norris*, No. 02–CV–01854, 2006 U.S. Dist. LEXIS 64347, *11, 2006 WL 2590488 (M.D. Pa. Sept 8, 2006); *see also Miller v. Ashcroft*, 76 F. App'x 457, 460 (3d Cir. 2003) (treating facts as uncontested due to the plaintiff's failure to timely file a counter-statement of material facts). Therefore, whereas Green has not clearly indicated that there are disputed facts, I will consider Robbins' statement of material facts to be uncontested. *Cf. Spencer v. Biggins*, 1:11-CV-01850, 2013 WL 5702312 (M.D. Pa. Oct. 18, 2013)(Rambo, J.). At the same time, though, in accordance with the standard of review for a motion for summary judgment, I will present the facts in the light most favorable to Green, the nonmoving party. *See infra*, Part III.

[3] Pennsylvania's Inmate Mail and Incoming Publications Procedures Manual can be found online at www.portal.state.pa.us/portal/server.pt/document/919464/803_inmate_mail_and_incoming_publications_pdf (last visited May 2, 2014). Although the current manual superseded the version that was issued on April 18, 2008, it is clear that the relevant portions of the policy were not changed during Green's temporary confinement at SCI Waymart. *See Fontroy v. Beard*, 559 F.3d 173 (3d Cir. 2009) (explaining the DOC's inmate mail policy and ultimately finding the policy constitutional).

6

identified by a control number … will be opened and inspected for contraband in the presence of the inmate to whom it is addressed." Thus, it was not the DOC's official mailroom policy to open incoming legal mail outside of an inmate's presence. Just the opposite, incoming legal mail addressed to an inmate was generally opened in the presence of said inmate for purposes of inspecting the mail for contraband. *See Doc.* 107-3 at 2-3.

On October 19, 2011, while still detained at SCI Waymart, Green filed a grievance complaining that he received legal mail from the United States District Court for the Western District of Pennsylvania, but that the legal mail was opened and some documents were either lost or destroyed. *Doc.* 108 at ¶ 15. An investigation revealed, however, that Green's legal mail was already opened when it arrived at SCI Waymart. *Id.*; *Doc.* 82-1 at 6. Consequently, Green's grievance was denied.[4] Moreover, Robbins denies mishandling Green's legal mail in any way. *Doc.* 107-2 at 1-2.

---

[4] Interestingly, in his statement of facts, Robbins also avers that Green did not receive any legal mail on or about October 11, 2011, according to a prison mail log. *Doc.* 108 at ¶ 16. This fact, however, seemingly contradicts what Robbins told the officer responsible for investigating Green's grievance. According to that officer's findings, "Robbins informed [him] that [Green's] legal mail was opened prior to arriving at SCI Waymart." *Doc.* 82-1 at 6. Nevertheless, whether this fact is taken into consideration should have no effect on the ultimate outcome.

### III.  Jurisdiction and Legal Standard.

First, given Green's remaining constitutional claim, I find that this Court maintains subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  As well, Robbins has waived the personal jurisdiction defense.  *See* Fed. R. Civ. P. 12(h)(1).

Next, with respect to the applicable legal standard, Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  The purpose of summary judgment is to avoid unnecessary trials in cases where the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).  Thus, the rule functions to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 , 587 (1986)(quoting Fed.R.Civ.P. 56(e) advisory committee's notes on 1963 amendments).

Procedurally, the moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 145–46 (3d Cir. 2004).  If the moving

party meets its burden with a properly supported motion, the burden then shifts to the nonmoving party to present specific facts that show there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the nonmoving party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the nonmovant's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file."). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element material to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322-23.

A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248–49 (1986). With respect to the sufficiency of the evidence that the nonmoving party carrying the burden of proof must provide, a court should grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, or speculative. *Id.* at 249–50. Accordingly, there must be more than a *scintilla* of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. *Id.* at 252; *see also Matsushita*, 475 U.S. at 586. Further, a party may not defeat a motion for summary judgment with evidence that would not be admissible at trial. *Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 (3d Cir. 1999). But, again, in determining whether a factual dispute is genuine, the Court must focus on which party bears the burden of proof at trial on the factual issue in dispute, because that party must produce sufficient evidence to support the factual claim. Moreover, the Court must "consider all evidence in the light most favorable to the party opposing the motion." *A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 794 (3d Cir. 2007).

## IV. <u>Discussion</u>.

As stated, Green's First Amendment claim against Robbins is being pursued under 42 U.S.C. § 1983. In order to survive a motion for summary judgment on a § 1983 claim, Green must show that Robbins acted under color of state law, and that he was deprived of a federal constitutional right. *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). In this matter, there is no dispute that Robbins was a state actor for purposes of satisfying the first element of a § 1983 claim. As set forth below, however, Green fails to demonstrate that he was deprived of a federal constitutional right.

### A. Green's First Amendment Claim.

Even though imprisoned, a person does not forfeit all constitutional rights, including his or her rights arising under the First Amendment. *Bieregu v. Reno*, 59 F.3d 1445, 1449, 1452 (3d Cir. 1995). The First Amendment, as incorporated in the Fourteenth, prohibits states from "abridging the freedom of speech." U.S. CONST. Amend I. As Justice Holmes once recognized, "[t]he United States may give up the Post Office when it sees fit, but while it carries it on the use of the mails is almost as much a part of free speech as the right to use our tongues." *Id.* at 1451 (quoting *United States ex rel. Milwaukee Social Democratic Publishing Co. v. Burleson*, 255 U.S. 407, 437 (1921)(Holmes, J., dissenting)). Thus, inherent in

the First Amendment is the right to use of the mails without government interference; a right also maintained by inmates.

With respect to an inmate's First Amendment right to use of the mail, a pattern, practice, or explicit policy of opening properly marked legal mail outside an inmate's presence is prohibited because it "chills protected expression and may inhibit the inmate's ability to speak, protest, and complain." *Id.* at 1452, 1456; *see Jones v. Brown*, 461 F.3d 353, 359 (2006)(reaffirming the holding of *Bieregu*). No showing of an actual injury is required. *Id.* at 1455. At the same time, however, the Third Circuit has cautioned that "a single instance of opening [legal] mail outside an inmate's presence does not rise to the level of a constitutional depravation." *Schreane v. Holt*, 482 F. App'x 674, 677 (3d Cir. 2012)(per curiam)(citing *Bieregu*, 59 F.3d at 1452).

In the case *sub judice*, the Court has liberally construed Green's amended complaint to allege that Robbins opened his legal mail, outside of his presence, pursuant to an official policy; however, Green has failed to show that there is a genuine issue for trial. Contrary to Green's claim, there was no official DOC policy that permitted Robbins to open Green's incoming legal mail outside of his presence. Rather, the official policy that was in place provided the opposite, protecting inmates' First Amendment rights. In light of the DOC's policy that was in place, even if it were true that Robbins opened Green's legal mail on the date at

issue, there is no evidence that Robbins engaged in the same conduct in other instances. Therefore, this single instance complained of by Green does not rise to a constitutional depravation. As well, to the extent it is considered, the declaration provided by Green's fellow inmate fails to demonstrate that Robbins was personally involved in any pattern or practice of opening inmates' legal mail at SCI Waymart. Rather, the declaration refers generally to "staff" in SCI Waymart's mailroom, without providing any additional information so as to establish a genuine disputed fact that Robbins violated Green's First Amendment right. Consequently, Robbins is entitled to judgment as a matter of law.

**V.  Recommendation**.

For the foregoing reasons, **IT IS RECOMMENDED** that:

(1) To the extent the Court finds that Green has brought a constitutional claim against Linderman, it should be **DISMISSED** with prejudice; and

(2) Robbins' motion for summary judgment (*Doc.* 106) be **GRANTED**.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection

is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **6th** day of **May, 2014**.

*S/ Susan E. Schwab*
**Susan E. Schwab**
**United States Magistrate Judge**