**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MUWSA GREEN,** | : | **CIVIL ACTION NO. 1:12-cv-0321** |
| Plaintiff, | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **JOSEPH NISH**, *et al.*, | : | |
| Defendants. | : | |

**ORDER AND JUDGMENT**

AND NOW, this 13th day of June, 2014, upon consideration of the report and recommendation (Doc. 118) of Magistrate Judge Susan E. Schwab, recommending the court grant the second motion (Doc. 106) for summary judgment filed by Walter Robbins ("Robbins"), the sole remaining defendant in the above-captioned action, and, after an independent review of the record, and noting that plaintiff Muwsa Green ("Green") filed objections[1] (Doc. 120) to the report on October 11, 2013, the court finding Judge Schwab's analysis to be thorough, well-reasoned, and fully supported by the record, and the court

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

further finding Green's objections to be without merit[2] and squarely addressed by Judge Schwab's report, it is hereby ORDERED that:

1. The report (Doc. 118) of Magistrate Judge Schwab is ADOPTED in its entirety.

2. Defendant's second motion (Doc. 106) for summary judgment is GRANTED as to plaintiff's sole remaining claim.

---

[2] Green's objections to the report are three-fold: *first*, that Robbins' motion was not ripe for disposition; *second*, that Judge Schwab erred in concluding that Darlene Linderman ("Linderman") must be dismissed to the extent that Green attempts to state a claim against her for the first time in his opposition papers; and *third*, that his claim is meritorious and summary judgment inappropriate. Green couples these broad contentions with the inflammatory allegation that Magistrate Judge Schwab's recommendation is the product of an unlawful conspiracy with Robbins to cover up his constitutional violations. The court finds without hesitation that Green's objections are entirely meritless. First, Green failed to file a statement of material facts in response to Robbins' motion, thus preempting any argument at this juncture that genuine issues of fact render summary judgment inappropriate. LOCAL RULE OF COURT 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."); see also Kuhn v. Capitol Pavilion, No. 1:11-cv-2017, 2012 U.S. Dist. LEXIS 150731, at *26-27 (M.D. Pa. Oct. 19, 2012). Second, Green was granted the opportunity to move to amend his complaint to add Linderman as a defendant, but failed to do so. (See Doc. 38 at 2). Judge Schwab is correct that to permit Green to amend his complaint at this late stage would be unduly prejudicial, particularly given the lack of substantive merit of Green's claim. Finally, as Judge Schwab appropriately observed, Green's claim fails as a matter of law, because a single instance of corrections staff opening legal mail outside of an inmate's presence does not give rise to a constitutional violation. Schreane v. Holte, 482 F. App'x 674, 677 (3d Cir. 2012) (*per curiam*) (citing Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995)). The court will overrule Green's objections, and simultaneously caution him against lodging baseless and incendiary allegations against any members of the bench in the future.

3. Judgment is ENTERED in favor of defendant Walter Robbins and against plaintiff Muwsa Green.

4. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania